IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISMAEL NONDJO OUATTARA, (A# 208974329) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1327 |
| JEFF SESSIONS, et al., | § § § | |
| Respondents. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Ismael Nondjo Ouattara, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the duration of his confinement by United States Immigration and Customs Enforcement (ICE) officials with the United States Department of Homeland Security (DHS). (Docket Entry No. 1). The respondents have filed a motion to dismiss, advising the court that Ouattara has been released from custody and his petition is moot. (Docket Entry No. 7). Ouattara has not provided the court with an updated address following his release and appears to have abandoned his petition. After considering all of the pleadings, and the applicable law, the court grants the respondents' motion and dismisses this case as moot. The reasons are explained below.

**I.    Discussion**

Ouattara is a native and citizen of Ivory Coast. In November 2016, he was convicted of evading arrest and sentenced to a 2-year prison term in the Texas Department of Criminal Justice (TDCJ). On February 1, 2017, Ouattara was taken into ICE custody from TDCJ following entry of a final removal order against him.

In his federal petition, filed April 20, 2018, Ouattara argues he is entitled to habeas corpus relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been in custody for more than six months without a foreseeable removal date. In *Zadvydas*, the Supreme Court held that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires. *See id.* at 701.

The respondents have advised the court that Ouattara was removed from custody and deported to Ivory Coast on May 17, 2018. (Docket Entries No. 7, 7-1). The respondents argue that Ouattara's release from custody renders his habeas corpus petition moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Ouattara's petition challenges only his continued detention, his release from custody leaves nothing for this court to remedy. *See id.*, at 18.

Alternatively, Ouattara has not provided the court with a change of address following his release from custody as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a self-represented litigant is responsible for keeping the Clerk advised in writing of his current address. Ouattara has failed to provide the court with an accurate, current address. Ouattara's failure supports dismissal for want of prosecution. *See* FED. R. CIV. P.

2

41(b); *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) ("[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may, on its own motion, dismiss an action for failure to prosecute or to comply with any court order).

## II. Conclusion

The respondents' motion to dismiss, (Docket Entry No. 7), is granted. The habeas corpus petition filed by Ouattara is dismissed without prejudice as moot. Alternatively, this case is dismissed without prejudice for want of prosecution.

SIGNED on May 31, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge